UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| SUZANNE M. BROOKS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2: 11-00167-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| BREADS OF THE WORLD, LLC, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Defendants Breads of the World, LLC, and Panera, LLC, have moved the Court to dismiss the first, second and third causes of action contained in Plaintiff Susanne Brooks' four-count Complaint. [Record Nos. 7, 9] Alternatively, the defendants have moved the Court to direct Brooks to provide a more definite statement concerning the claims set out in her first and third counts. Defendant Panera, LLC, has also moved the Court to dismiss the first and fourth causes of action based on the plaintiff's failure to file a charge of discrimination against it regarding these claims. Panera also seeks alternative relief requiring Books to provide a more definite statement concerning her fourth cause of action if it is not dismissed.

Brooks responded to the defendants' motions in cursory fashion on November 14, 2011. In relevant part, she contends that her second claim alleging a violation of Kentucky public policy "may be subsumed within the other causes of action, and thus likely fails to state a claim."[1] With respect to the first and third causes of action, she repeats some of the allegations from her

---

[1] Based on the plaintiff's concessions, her second cause of action will be dismissed without further analysis.

-1-

Complaint, but argues that dismissal is not appropriate because defendants have deposed her at length on March 2, 2011, and are "well aware of the specifics of the discrimination" alleged. She then cites two areas of her testimony, two items of "knowledge" which she attributes to the defendants, and three separate items of evidence which she seems to believe will be generated prior to trial. [Record Nos. 13, 14]

Having reviewed the parties' briefs, the Court concludes that dismissal is appropriate with respect to Brooks' second cause of action based on her concessions. Further, under the standard set forth in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009), dismissal is appropriate as to both defendants regarding the plaintiffs' first and third causes of action. Finally, with respect to Defendant Panera, LLC, dismissal of the plaintiff's first and fourth causes of action is also appropriate because Brooks has failed to exhaust her administrative remedies regarding that defendant.

### I. The Standard Applied to Motions to Dismiss

Under Rule 12 of the Federal Rules of Civil Procedure, a court must construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. *See Ley v. Visteon Corp.*, 540 F.3d 376, 380 (6th Cir. 2008); *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 724 (6th Cir. 1996). However, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009). "Factual allegations contained in a complaint must raise a right to relief above the speculative level." *Bassett v. Nat'l Coll. Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). In other words, the plaintiff's arguments

"require[] more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Heightened fact pleading of specifics is not required – only enough facts to state a claim to relief that is plausible on its face. *See Bassett v. Nat'l Collegiate Athletic Assoc.*, 528 F.3d 426, 430 (6th Cir. 2008). The Court may consider the complaint, as well as "any exhibits attached thereto, public records, [and] items appearing in the record of the case." *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001) (citation omitted).

Application of this standard of review is applied to allegations contained within the four corners of the planitff's complaint. It is not applied to what the plaintiff believes the evidence will be at trial or knowledge the plaintiff attributes to a defendant, but not properly alleged in his or her complaint.

## II.     Legal Analysis

### A.     Brooks' First and Third Causes of Action

Brooks was employed by Defendant Panera, LLC, as an assistant manager beginning around January 16, 2008.[2] Brooks asserts that sometime thereafter, she was terminated "for opposing discrimination, in that she opposed discrimination and was subsequently terminated." Brooks claims that the defendants knew of her exercise of her civil right to oppose discrimination, but terminated her "for misconduct designed by the employer to result in a basis for terminating her." More specifically, she contends that she was required to certify that all employees had watched training videos. However, she states that this was an impossible task. And while she was punished for falsely certifying that new employees had watched the videos, male employees who committed the

---

[2] Defendant Breads of the World, LLC, is a franchisee of Panera, LLC. Under the standard applied to motions filed pursuant to Rule 12 of the Federal Rules of Civil Procedure, the Court accepts this and all other allegations set out in Brooks' Complaint as true.

same violation did not receive the same punishment. In other words, Brooks seems to be claiming that her employer: (1) knew that she opposed discrimination, (2) terminated her for her opposition to discrimination but (3) did not terminate other similarly-situated male employees. [Record No. 1; Complaint, ¶¶ 10-16] Based on these factual allegations, Brooks asserts in her first cause of action that the defendants actions constitute a violation of Title VII, 42 U.S.C. §§ 2000e, *et seq*. [*Id.*; Complaint, ¶¶ 17-21] In her third cause of action, Brooks alleges a violation of state law based on the defendants' alleged conspiracy to retaliate against her for opposing unlawful discrimination. [*Id.*; Complaint, ¶¶ 28-33] Finally, in her fourth cause of action, Brooks asserts that she was treated differently than male employees because of her sex.

The defendants have filed separate motions to dismiss and supporting memoranda.³ As Defendant Breads of the World notes in its initial brief, to defeat a motion to dismiss, a plaintiff's complaint "must contain either direct or inferential allegations respecting all material elements to sustain recovery under sone viable legal theory." *Gardner v. United States*, 2011 U.S. App LEXIS 20152, No. 09-6308 at *6-*7 (6th Cir., Sept. 20, 2011). And as noted above, the Court need not accept as true legal conclusions or unwarranted factual inferences. Further, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal, supra* at 11949. In short, it is not enough to allege naked assertions which are devoid of factual enhancement. Rather, the factual allegations contained in a complaint must state a claim for relief that is plausible on its face. *Gardner*, *id.*

---

³ Defendant Panera, LLC makes similar arguments regarding dismissal of the plaintiff's first cause of action. However, it also contends that this count as well as the fourth cause of action should be dismissed because the plaintiff did not file a charge of discrimination with the EEOC before bringing this action. [Record No. 10, pp. 3-This additional argument will be addressed separately below.

Here, the defendants point out that Books asserts in her Complaint only that she "was terminated for opposing discrimination, in that she opposed discrimination and was subsequently terminated. . . ." and that the defendants "knew of Brooks' exercise of her civil right to oppose discrimination" constitutes nothing more than a legal conclusion. Thus, the allegations in the plaintiff's Complaint are insufficient to sustain a Title VII claim. Further, they argue that the factual assertions supporting the third cause of action (*i.e.*, that the defendants violated Kentucky Revised Statutes § 344.280 by conspiring to terminate Brooks for opposing discrimination) is equally ambiguous and fail to state a claim to relief that is plausible on its face. The Court agrees that, with respect to both causes of action, the plaintiff's claims are based on conclusory allegations which fail to meet the pleading standard outlined above.

Plaintiff's counsel responded to the defendants' motions by asserting:

- Brooks is a witness to unlawful discrimination in a case pending in the Southern District of Ohio styled *McFarland v. Breads of the World, LLC, et al.,* No. 1: 09-CV-929, and that she opposed discriminatory actions taken by the defendant's agents against the plaintiff in the *McFarland* case;

- the defendants deposed Brooks at length on March 2, 2011, in the *McFarland* case regarding her opposition to the defendants' practices which she considers discriminatory;

- the defendants are "well-aware" of the specifics of the discrimination Brooks feels was committed against McFarland, her opposition to that alleged discrimination, and her subsequent termination;

- during her deposition, Brooks testified that she was a witness to a statement by the defendants' agent that stores needed to "lighten things up" and "stop hiring thugs";

- defendants are aware that Brooks was cooperating with the plaintiff in the *McFarland* case;

- defendants were aware that Brooks was supporting Anita Rutland against the defendants in a separate race discrimination and retaliation case pending in the Southern District of Ohio;

-5-

- evidence will be presented that an agent of the defendants instructed a store manager that the defendants "wanted to see more blue-eyed, blond-haired employees";

- evidence will be presented that an agent of the defendants advised store employees that "the crew should be of the same color as the patrons"; and

- evidence will be presented that an agent of the defendants instructed a store manager to "hire someone who looks like us – less femme females and African-Americans."

[Record Nos. 13, 14]

It is unclear whether several of the alleged statements pertain to actions taken at the store at which Brooks was employed or at some other location. Likewise, there is no indication of the date the statements were allegedly made. Context and details matter, but none is given by Brooks' counsel. However, it is clear that the information relied upon by Brooks in opposition to the defendants' motions to dismiss is not contained in her Complaint. As noted by the defendants in their reply briefs, a plaintiff may not overcome the deficiencies in his or her complaint by referring to matters outside the complaint, such as deposition testimony. *Patterson v. Novartis Pharms. Corp.*, 2011 U.S. App. LEXIS 17722 (6th Cir. 2011). This same rationale extends to statements concerning what the evidence is expected to show either in the underlying case or other similar cases. Instead, a plaintiff must point to allegations contained in the complaint filed in his or her civil action which demonstrate a plausible claim. As Judge Martin stated in *Patterson,* merely pleading facts that permit the court to infer misconduct is insufficient. Instead, the plaintiff must *plead* factual content "that allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged." *Id.* Here, Brooks has failed to point to appropriate allegations contained in her Complaint that meet this standard. Instead, she has made circular arguments lacking in sufficiently-articulated factual support (*i.e.*, she was terminated "for opposing discrimination, in that

she opposed discrimination and was subsequently terminated"). As a result, the first and third causes of action will be dismissed.

### B. Brooks' Fourth Cause of Action

Brooks' fourth claim is that the defendants terminated her employment with Panera because of her gender. Namely, Brooks asserts in paragraph 35 of her Complaint that: (1) she belongs to a protected class (*i.e.,* female); (2) she was qualified for her position as assistant manager at the defendants' store located in Florence, Kentucky; and (3) she was terminated while other similarly-situated male employees were not terminated. [Record No. 1; ¶ 35] Defendant Panera, LLC, has moved the Court to dismiss this cause of action as well as the plaintiff's first cause of action because Brooks did not name the company in her Charge of Discrimination filed with the EEOC prior to bringing this action. It correctly notes that "[a]s a prerequisite to bringing suit under Title VII, a claimant must exhaust his or her administrative remedies." *Scott v. Eastman Chemical Co.,* 275 Fed. Appx. 466, 470 (6th Cir. 2008) (citing *Weigel v. Baptist Hosp. of E. Tenn.,* 302 F.3d 367, 379 (6th Cir. 2002)). As a result, Panera contends that the Court lacks jurisdiction over it with respect to these two claims.

In response, Brooks argues that Panera is, in fact, listed on Brooks' Charge of Discrimination filed with the EEOC. Brooks does not dispute that a copy of this charge is attached as Exhibit A to Panera's motion to dismiss.[4] According to Brooks, because the charge lists Brooks' employer as

---

[4] In paragraph 8 of her Complaint, Brooks alleges that she filed a timely charge of discrimination "against the defendants" with the EEOC and the Kentucky Department of Labor. The Charge of Discrimination filed by Brooks with the Kentucky Commission on Human Rights on March 31, 2010, is a public record referenced in the plaintiff's Complaint and subject to judicial notice by the Court. Therefore, it may be considered in conjunction with a motion to dismiss under Rule 12(b)(6). *Amini v. Oberlin Coll.,* 259 F.3d 493,502 (6th Cir. 2001); *Greenberg v. Life Ins. Co. of Va.*, 177 F3d 507, 514 (6th Cir. 1999) (Insurance policies attached to a motion to dismiss which were referred to in plaintiff's complaint were properly considered in the context of a motion to dismiss; conversion of the motion to a motion for summary

"Panera Bread" and indicates that the company has 500 or more employees, it has sufficiently placed Defendant Panera, LLC, on notice of her claims filed with the EEOC, notwithstanding the fact that the charge lists the local franchisee's address and telephone number on the document.

However, as Defendant Panera asserts in its Reply, Brooks listed only one defendant in her Charge of Discrimination. Defendant Panera was not properly listed; "Panera Bread" is the name of the franchise store operated by defendant. Brooks' charge lists only one defendant with one address. As a result, the Court agrees that, with respect to Defendant Panera, LLC, Brooks has not exhausted her administrative remedies with respect to the claims set out in the first and fourth causes of action.

## III. Conclusion

Plaintiff Suzanne Brooks has failed to allege sufficient facts in her Complaint to state plausible claims against the defendants under the first and third causes of action. Additionally, she had failed to exhaust her administrative remedies by filing a Charge of Discrimination with the EEOC with respect to Defendant Panera, LLC. Finally, she concedes that she may not proceed on her second cause of action against either defendant. Accordingly, it is hereby

**ORDERED** as follows:

1. Defendant Breads of the World, LLC's motion to dismiss the Plaintiff's first, second and third causes of action asserted against it [Record No. 7] is **GRANTED**. This defendant's alternate motion for a more definite statement with respect to these claims [Record No. 7] is **DENIED** as moot.

---

judgment was not necessary.) *See also Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 576 (6th Cir. 2008) (court make take judicial notice of public records in addressing a motion to dismiss under Rule 12(b)(6)).

2. Defendant Panera, LLC's motion to dismiss the Plaintiff's first, second, third and fourth causes of action asserted against it [Record No. 9] is **GRANTED**. The fourth cause of action is **DISMISSED** as to this defendant only. It remains pending with respect to Defendant Breads of the World. Defendant Panera, LLC's motion for a more definite statement [Record No. 4] is **DENIED** as moot.

3. Plaintiff Suzanne Brooks' first, second and third causes of action are **DISMISSED** with respect to Defendant Breads of the World, LLC.

4. Plaintiff Suzanne Brooks' first, second, third and fourth causes of action are **DISMISSED** with respect to Defendant Panera, LLC. Further, Defendant Panera, LLC, is **DISMISSED** as a defendant to this action.

This 30th day of November, 2011.

Signed By:
*Danny C. Reeves* DCR
United States District Judge